PARKER, Acting Chief Judge.
Sanford Paul Butler has filed a petition for writ of prohibition and/or writ of mandamus seeking to obtain a waiver of the filing fee to appeal a civil case from Pasco County Court to the appellate division of the Sixth Judicial Circuit. We treat this as a petition for mandamus, grant the petition, and direct the county court to enter an order either granting or denying Butler’s request for waiver of the filing fee.
While in custody, Butler filed a complaint against the Pasco County Sheriffs Office (the Sheriff) seeking the return of personal property allegedly owned by Butler and seized by the Sheriff in one or more criminal cases. The trial court ultimately granted the Sheriffs motion for final summary judgment. Butler filed a notice of appeal and sought a waiver of the appellate filing fee. With his notice of appeal, Butler included a copy of a December 1999 order of insolvency, which had been filed in several Pasco County criminal cases, and an “Inmate Affidavit of Indigen-cy Civil Proceedings F.S. 57.085,” which *449 reflected no income or assets other than $90 per month furnished by his father. In response to these pleadings, the Pasco County Clerk of Circuit Court (the Clerk) sent Butler a letter stating that his appeal paperwork had been forwarded to the county court judge along with an order of indigency but that the order was returned to the Clerk unsigned. Because there was no signed order of indigency, the Clerk informed Butler that he must pay the $125 appellate filing fee if he wished to proceed. At this court’s request, the Clerk determined that the county court judge plans to take no further action on Butler’s request for indigency status.
From this record, it appears that Butler has complied with all of the requirements-of section 57.085, Florida Statutes (1997), to bring the indigency matter to the county court for resolution. Once the indigen-cy matter was properly before the trial court, Florida Rule of Appellate Procedure 9.430 required that the trial court either: (1) grant the motion; or (2) deny the motion and state in writing the reasons for the denial.
We conclude that the trial court, which is the county court in this case, cannot satisfy its obligation under the rule by simply returning an unsigned order of in-digency to the Clerk. This procedure does not comply with either the statute or the rule. We, therefore, grant Butler’s petition for writ of mandamus and direct the county court to comply with the requirements set forth in rule 9.430.
WHATLEY and CASANUEVA, JJ.,Concur.